IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO. 25-80197-CRJ-13 |
| JANEL BURNS, ) | CHAPTER 13 |
| ) | |
| Debtor. ) | |
| ) | |
| JANEL BURNS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| HORIZONS MEDICAL CARE, P.C., ) | ADVERSARY PROCEEDING |
| ) | NO. 25-80067-CRJ |
| Defendant. ) | |
| ) | |

## ANSWER OF HORIZONS MEDICAL CARE, P.C.

Defendant Horizons Medical Care, P.C. admits an unintentional violation of the automatic stay but contests the amount of damages owed as a result of that violation. Following are Horizons's specific answers.

### PARTIES

1. Burns is the debtor in the above-referenced Chapter 13 bankruptcy case commenced on January 30, 2025.

**ANSWER**: Admitted.

2. Horizons is a professional corporation organized and existing under the laws of the state of Alabama. At all times material to this complaint, Horizons regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the state of Alabama lying within this court's district and division. Burns did business with Horizons within

1

this district and division, and it is these business transactions that give rise to this litigation.

      **ANSWER**:    Admitted.

## JURISDICTION

3.     This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of Burns's estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship between Burns and the Defendant. Consequently, this is a core proceeding, and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b). Courts in the Eleventh Circuit have explained that any rights arising from a violation of the automatic stay are substantive rights created by the Bankruptcy Code and are thus quintessentially core matters.

      **ANSWER**:    Defendant does not contest jurisdiction not that this matter is a Core Proceeding.

## BACKGROUND FACTS AND NATURE OF ACTION

4.     In accordance with the Federal Rules of Bankruptcy Procedure - Rule 1007(a) and 11 U.S.C. §521(a), the debtor filed with her petition a list of creditors with their names and addresses. Contained in that list was Horizons.

      **ANSWER**:    Admitted that Ms. Burns listed Horizons as a creditor in her bankruptcy petition.

5.     In accordance with the Federal Rules of Bankruptcy Procedure - Rule 2002 and 11 U.S.C §342, the Clerk sent notice of the debtor's Chapter 13 bankruptcy filing and §341 meeting

of creditors to Horizons via first class mail through the Bankruptcy Noticing Center on February 2, 2025. (See Exhibit 1 – BNC Certificate of Notice).

**ANSWER**: The BNC Certificate of Notice speaks for itself.

6. As a result of Horizons being included in the list of creditors filed by the debtor with her petition and the Clerk's sending of notice of her bankruptcy filing to Horizons, the Defendant had both notice and actual knowledge of both the commencement of and all the proceedings in Burns's bankruptcy case.

**ANSWER**: Admitted that Ms. Burns listed the correct Horizons address in her petition and that the Certificate of Notice reflects that address.

7. Pursuant to 11 U.S.C. §362(a), the commencement of Burns's bankruptcy case gave rise to the automatic stay which, among other things, prohibits Horizons from attempting to collect from Burns any pre-petition obligation owed by Burns to Horizons.

**ANSWER**: The Defendant does not dispute that the automatic stay was in affect.

8. The Plaintiff asserts that despite having both notice and actual knowledge of the commencement of Burns's bankruptcy case, Horizons sent an email and multiple statements to Burns in an attempt to collect a prepetition debt owed by Burns to Horizons in violation of 11 U.S.C. §362(a)(6).

**ANSWER**: Horizons admits as to constructive notice stemming from the Certificate of Notice listing its correct address, and admitted that Horizons sent the emails and statements attached to Ms. Burns's complaint, violating the automatic stay. Otherwise, denied.

3

Case 25-80067-CRJ    Doc 8    Filed 06/03/25    Entered 06/03/25 15:51:04    Desc Main
Document    Page 3 of 8

9. Burns brings this action to recover the actual damages she has sustained as a result of the defendant's willful violations of the automatic stay in this case and to recover compensatory and punitive damages from the defendant for those violations under 11 U.S.C. § 362(k) of the Bankruptcy Code, which provides that "an individual injured by any willful violation of the stay provided by this section shall recover actual damages, including costs and attorney's fees, and in appropriate circumstances, may recover punitive damages. In the case of *Parker v. Credit Central South, Inc.* (*In re Parker*), 634 Fed. Appx. 770 (11th Circuit 2015), the Eleventh Circuit held that the costs and attorney's fees incurred by a debtor to halt the violation of the automatic stay and to prosecute his action for damages constitutes an injury.

**ANSWER**: This paragraph states only legal conclusions that require no response.

### CLAIM – VIOLATION(S) OF THE AUTOMATIC STAY

10. Despite the imposition of the automatic stay by the commencement of the Debtor's bankruptcy case and having both notice and actual knowledge of the commencement of the Debtor's bankruptcy case, Horizons sent a post-petition email and multiple post-petition statements to the debtor. The Plaintiff asserts that the Defendant's actions constituted an act to collect a pre-petition obligation owed by Burns to Horizons in violation of 11 U.S.C. §362(a)(6).

**ANSWER**: Horizons admits as to constructive notice stemming from the Certificate of Notice listing its correct address, and admitted that Horizons sent the emails and statements attached to Ms. Burns's complaint.

11. Horizons sent an email to Burns on February 26, 2025 titled "Statement Notification!" The email stated: "Hope you and your family are doing well! A statement for the services availed by you has been published. Please click on the link below to pay statement balance. If you are unable to pay full balance and are able to pay partially, please give us a call at 256-837-2271." The email listed an amount of $347.39 followed by a link to pay online. (See Exhibit 2 – Horizons Email 2-26-25). The Plaintiff asserts that the email from Horizons constituted an act to collect a prepetition debt owed by the Burns to Horizons in violation of 11 U.S.C. §362(a)(6).

**ANSWER**: Exhibit 2 speaks for itself. Admitted that this was an act to collect a prepetition debt.

12. Horizons sent a statement to Burns on February 25, 2025. The statement listed a "Total Amount Due" of $347.39 for prepetition services. (See Exhibit 3 – Horizons Statement 2-25-25). The Plaintiff asserts that the statement from Horizons constituted an act to collect a prepetition debt owed by the Burns to Horizons in violation of 11 U.S.C. §362(a)(6).

**ANSWER**: Exhibit 3 speaks for itself. Admitted that this was an act to collect a prepetition debt.

13. Horizons sent a statement to Burns on March 28, 2025. The statement listed a "Total Amount Due" of $347.39 for prepetition services. (See Exhibit 4 – Horizons Statement 3-28-25). The Plaintiff asserts that the statement from Horizons constituted an act to collect a prepetition debt owed by the Burns to Horizons in violation of 11 U.S.C. §362(a)(6).

**ANSWER**: Exhibit 4 speaks for itself. Admitted that this was an act to collect

a prepetition debt.

14. The Plaintiff asserts that the Defendant's actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

**ANSWER**: Denied.

15. Burns has sustained injury and damage as a result of the defendant's willful violations of the automatic stay, including emotional distress. Under 11 U.S.C. §362(k)(1), Burns is entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against Horizons for its willful and intentional violations of the automatic stay. The post-petition collection activity, after receiving notice of the Burns's bankruptcy, indicates that Horizons does not have proper policies and procedures to avoid violating the automatic stay.

**ANSWER**: Horizons is without knowledge to answer whether Ms. Burns has incurred emotional distress or any damages other than bringing this suit. Horizons denies that its violation was willful and intentional, that it lacks proper policies and procedures to avoid violating the automatic stay, and that Ms. Burns is entitled to the types and amounts of damages alleged.

**WHEREFORE**, Burns asks this Court to enter an order:

(A) Awarding Burns compensatory damages against Horizons including the reasonable attorney's fees and costs incurred by the Burns in the preparation and prosecution of this adversary proceeding;

(B) Awarding Burns punitive damages against Horizons for its willful and intentional violations of the automatic stay, such damages being intended to instill in Horizons and other creditors due respect for this Court and its orders

and to deter them from taking similar action against the Burns and similarly situated debtors in the future;

(C) Voiding the debt owed to Horizons by the Burns; and

(D) Granting the Burns any additional or different relief this court deems appropriate.

**ANSWER**: The relief requested contains no allegations and, so, no requires no response. Again, Horizons denies that Ms. Burns is entitled to the types and amount of damages alleged.

Respectfully,

*/s/ Stuart M. Maples*
STUART M. MAPLES
(ABS-1974-S69S)
THOMPSON BURTON, PLLC
200 Clinton Avenue West, Suite 1000
Huntsville, Alabama 35801
Tel: (256) 489-9779
Fax: (256) 489-9720
smaples@thompsonburton.com

7

## CERTIFICATE OF SERVICE

   I do hereby certify that on June 3, 2025, a copy of the foregoing document was filed with this Court's CM/ECF system and served on counsel of record registered in that system.

                      */s/ Stuart M. Maples*
                      STUART M. MAPLES

8

Case 25-80067-CRJ  Doc 8  Filed 06/03/25  Entered 06/03/25 15:51:04  Desc Main Document  Page 8 of 8